1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                   CENTRAL DISTRICT OF CALIFORNIA
9                          WESTERN DIVISION
10

| | | |
|---|---|---|
| RANDALL K. STARK, | ) | No. ED CV 08-01709-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | THEREON |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Randall K. Stark ("Plaintiff") filed a Complaint on November 27, 2002, by and through her counsel, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), seeking review of the Commissioner of Social Security's ("Commissioner") decision that she was not entitled to Supplemental Security Income ("SSI") benefits under Title II of the Social Security Act ("Act"). Plaintiff seeks reversal of the Commissioner's decision, or in the alternative, for the Court to remand the matter for a new hearing.

The parties have consented to proceed before United States Magistrate Judge Victor B. Kenton, pursuant to 28 U.S.C. § 636(c). The Commissioner has filed the certified Administrative Record ("AR").

On July 14, 2009, pursuant to this Court's case management Order, the parties filed a Joint Stipulation ("JS"). The Court then took the matter under submission. This Memorandum Opinion shall constitute the Court's findings of facts and conclusions of law.

I

**BACKGROUND**

Plaintiff filed his application for SSI on November 27, 2002. (AR 105-107, 133-142.) Plaintiff alleged an onset date of disability of September 10, 1997. (AR 105, 134.) Plaintiff alleged disabling conditions of nerve damage to the left wrist and both elbows, a herniated disc and PARS defect in the lower back, and a hernia in the left stomach. (AR 134.) Two prior claims had been filed by Plaintiff. The first, filed on or about April 23, 1999 (AR 171-180) was denied. The second, filed on April 24, 2002 (AR 101-103) was denied June 24, 2002. (AR 84-87.) Plaintiff did not request reconsideration for either claim.

Plaintiff's application at bar was denied initially, and again upon reconsideration on August 15, 2003. (AR 88-91, 95-99.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on November 22, 2003 (AR 100), which occurred in Orange, California on August 31, 2004 before ALJ Steven L. Chaffin. (AR 38-42.) Plaintiff appeared and testified and was represented by counsel, and testimony was also taken from a Vocational Expert ("VE"). (AR 63-80.)

On November 22, 2004, the ALJ issued a decision finding Plaintiff to be not disabled under the Act. (AR 29-36.) Plaintiff's request for review by the Appeals Council was granted on June 3, 2005, as the ALJ's decision did not address Plaintiff's complaints of pain and

functional loss, nor did it contain an evaluation of the nonmedical factors as required by Social Security Ruling 96-7p. (AR 24-26.) The ALJ's decision was vacated and remanded for a supplemental hearing and further consideration of Plaintiff's residual functional capacity ("RFC") and to evaluate all medical opinions, stating the weight given to each. (Id.)

The second hearing occurred in Orange, California on June 13, 2006 before ALJ Barry S. Brown. (AR 20-23.) Plaintiff appeared and testified and was represented by counsel. (AR 47-62.) On April 10, 2007, the ALJ issued a decision finding Plaintiff to be not disabled under the Act. (AR 7-19.) Plaintiff's request for review by the Appeals Council was denied on September 26, 2008 (AR 4-6), thus rendering the ALJ's decision the final decision of the Commissioner.

In the Joint Stipulation, Plaintiff raises the following issues:
(1) The ALJ failed to properly consider the treating physician's opinion regarding Plaintiff's limitations, namely his required use of a cane to ambulate, and his absence from work more than three times per month due to his impairments and treatment;
(2) The ALJ failed to properly consider Dr. Steiger's opinion that Plaintiff was restricted against repetitive gripping, pushing, pulling or lifting with the upper left extremity;
(3) The ALJ failed to properly consider the Plaintiff's RFC by improperly rejecting his treating physician's opinion that Plaintiff required use of a cane to ambulate and required absence from work more than three times per month, and improperly rejecting Dr. Steiger's restriction against

3

                repetitive gripping, pushing, pulling or lifting with the
                upper left extremity; and

        (4) The ALJ posed an incomplete hypothetical to the vocational
                expert by not including his required use of a cane to
                ambulate, his required absence from work more than three
                times per month, and his restriction against repetitive
                gripping, pushing, pulling or lifting.

# II

## **DISCUSSION**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying Plaintiff's disability benefits to determine whether his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).

A claimant is "disabled" for the purpose of receiving benefits under the Social Security Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed by the ALJ in a

4

disability case.  20 C.F.R. §§ 404.1520, 416.920.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity; if so, a finding of nondisability is made and the claim is denied.  20 C.F.R. §§ 404.1520(b), 416.920(b). If  the claimant is not currently engaged in substantial gainful activity, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities; if not, a finding of nondisability is made and the claim is denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant has a severe impairment, in the **Third Step**, the ALJ must compare the impairment to those impairments in the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1; if the impairment meets or equals an impairment in the Listing, disability is conclusively presumed and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d). When the claimant's impairment does not meet or equal an impairment in the Listing, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient RFC despite the impairment or various limitations to perform her past work; if so, a finding of non-disability is made and the claim is denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).  When the claimant shows an inability to perform past relevant work, a *prima facie* case of disability is established and, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920(f).

Following this sequential evaluation process, at Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (AR 12, Finding 2.)  At Step

Two, the ALJ found that Plaintiff has an impairment or combination of impairments considered severe, involving the spine, lateral epicondylitis of the left elbow, mild bilateral carpal tunnel syndrome and a left inguinal hernia status post herniorraphy which more than minimally restrict Plaintiff's ability to perform basic work related tasks. (AR 13, Finding 3.) However, at Step Three, the ALJ found such impairments do not meet or medically equal one of the Listings. (Id., Finding 4.) At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work, has sufficient RFC to sit and stand and/or walk up to six hours per eight hour day, lift and carry ten pounds frequently and twenty pounds occasionally, and occasionally climb, balance, kneel, crouch, crawl, and stoop. (Id., Finding 5.) Further, the ALJ found Plaintiff is unable to perform any past relevant work, having no limitations to his ability to reach in all directions, finely manipulate or feel, but being limited to occasional handling with the left upper extremity, and suffering from neck and upper extremity pain, bilateral carpal tunnel syndrome and lateral epicondylitis of the left elbow which limit pushing and pulling with the upper extremities. (Id.) At Step Five, the ALJ found that, as jobs exist in significant numbers in the national economy that Plaintiff can perform, he has not been under a disability under the Act since the filing date of the application. (AR 17, Finding 10 & 11.)

//
//
//
//
//

### III

### **THE ALJ PROPERLY REJECTED THE TREATING PHYSICIAN'S OPINION REGARDING PLAINTIFF'S LIMITATIONS**

**(Issues One and Three)**

**A.    The ALJ's Decision**.

The ALJ concluded, after consideration of the entire record, that Plaintiff's daily activities are not inconsistent with an ability to perform light work activity, and that Plaintiff has the RFC to lift and carry ten pounds frequently and twenty-five pounds occasionally, stand and/or walk for six hours and sit for six hours per eight hour day, and occasionally climb, balance, kneel, crouch, crawl, or stoop. (AR 13, 15.)  Further, the ALJ noted Plaintiff has neck and upper extremity pain, bilateral carpal tunnel syndrome, and lateral epicondylitis of the left elbow which limit pushing and pulling with the upper extremities.  The ALJ also concluded Plaintiff has no limitations with respect to reaching in all directions, and fine manipulation or feeling, but is limited to occasional handing with the left upper extremity. (Id.)

In his decision, the ALJ incorporated the discussion of medical evidence by the previous ALJ as well as new evidence from Plaintiff's continued treatment with Dr. Ahmed and a consultation with Dr. Altman on October 17, 2005.  (AR 14-15.)  According to the ALJ, Dr. Ahmed concluded that Plaintiff had the functional capacity to lift and carry up to fifty pounds, could stand and walk for four hours per day, and was restricted from stooping and climbing ladders, and should avoid, "extremes in temperature, wetness, humidity, noise, fumes and hazards."  (AR 17, 376-378.)

7

The ALJ deemed the opinion of Dr. Ahmed of "little probative value", as it was, "not consistent with the great weight of other medical opinion." (AR 17.) Further, the ALJ found that Dr. Ahmed's physical capacities assessment of Plaintiff and conclusion of temporary total disability were not supported by medical findings in the record, nor matched the level of Plaintiff's treatment. (Id.) Lastly, the ALJ stated Dr. Ahmed offered no reason for restricting Plaintiff from working around temperature extremes, wetness, noise, fumes, or hazards. (Id.)

The ALJ gave the greatest weight to the opinion of Dr. Mason, the examining physician for the Social Security Administration, deeming it, "the most reasonably supported and well grounded with the record as a whole." (AR 17.) The ALJ primarily based his findings of Plaintiff's RFC on Dr. Mason's opinion that Plaintiff is limited to lifting and carrying twenty-five pounds frequently and ten pounds occasionally, standing and/or walking for six hours and sitting for six hours out of an eight hour day, occasionally climbing, balancing, kneeling, crouching, crawling, or stooping, and limited with respect to pushing and pulling with the upper extremities and occasional handling with the upper left extremity. (AR 16.)

The ALJ concluded Dr. Mason's findings are supported by the opinions of Dr. Glatstein, Dr. Weiss, and Dr. Steiger. (AR 17.) Specifically, the ALJ referenced Dr. Glatstein's assessment restricting Plaintiff from heavy work. (AR 17, 268.) The ALJ also referred to Dr. Weiss's assessment precluding Plaintiff from heavy lifting and repeated bending and stooping, and restricting Plaintiff from lifting, pushing, pulling heavy objects, or repetitive or prolonged forceful grasping, pinching, holding or torquing with his

upper left extremity. (AR 16, 290.) The ALJ cited Dr. Steiger's assessment restricting Plaintiff from heavy lifting, repeated bending and stooping, and from repetitive gripping, pushing, pulling or lifting with the upper left extremity. (AR 16, 311.) Finally, the ALJ recalled the August 15, 2003 assessment from a medical consultant with the State Agency who determined Plaintiff is restricted from constantly using the upper left extremity for pushing and/or pulling, but could occasionally climb, balance, stoop, kneel, crouch, or crawl, and frequently use the left hand for forceful grasping, pinching, holding or torquing. (AR 16-17, 423-430.)

**B. Applicable Law**.

The opinions of treating physicians are generally accorded greater weight than those of examining and non-examining physicians because they are more likely to provide:

> "... a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations. . ." 20 C.F.R. §§ 404.1527(d) and 416.927(d).

The Ninth Circuit has repeatedly reaffirmed this principle. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)(affording greater weight to treating physicians' opinions because they have greater opportunity to know and observe the patient).

Still, the treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of

disability. Id., citing Rodriquez v. Bowen, 876 F.2d 759, 761-62 & n. 7 (9th Cir. 1989). The ALJ may reject the opinion of any physician if that opinion is brief, conclusory, and inadequately supported by clinical findings. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002), citing Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). The ALJ may disregard a treating physician's entire uncontradicted opinion if unsupported by objective medical evidence in the record, by giving "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004).

The ALJ may also reject the treating physician's contradicted opinion in favor of the opinion of a non-treating physician; however, he must provide specific and legitimate reasons based on substantial evidence in the record to do so. Magallanes, 881 F.2d at 751, citing Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986); Lester 81 F.3d at 830, citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). This clearly articulated rule, set forth by the Circuit in its opinions in Magallanes and Cotton, has been often cited in later decisions. See, e.g., Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). In Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007), the Ninth Circuit established that an ALJ gives specific and legitimate reasons when:

> "... setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [an] interpretation thereof, and making findings. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctor's, are correct." Id. at 632 (citations omitted).

10

1  The opinions of non-treating doctors may serve as substantial
2  evidence if supported by and consistent with other evidence of record.
3  Morgan v. Commissioner of Social Sec. Admin, 169 F.3d 595, 600 (9th
4  Cir. 1999) citing Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.
5  1995).

### C. **Analysis**.

Plaintiff contends the ALJ ignored without explanation, and therefore erroneously rejected, his treating physician, Dr. Ahmed's opinion that Plaintiff required use of a cane to ambulate, and that Plaintiff would be absent from work more than three times per month due to his impairments and treatment. (JS 3-5, AR 378.) Defendant notes the ALJ incorporated by reference ALJ Chaffin's decision from Plaintiff's first hearing on November 22, 2004. (JS 5.) That decision included the finding that examinations by doctors Glatstein, Weiss, and Mumtaz Ali, each noting Plaintiff had a normal gait, contradicted Plaintiff's contention that he required the use of a cane. (JS 5, AR 34, 74.) Defendant also argues the ALJ's decision assesses Dr. Ahmed's opinion as being inconsistent with the weight of the evidence. (JS 5-6, AR 17.)

ALJ Chaffin's decision from Plaintiff's first hearing directly addressed Plaintiff's alleged limitation requiring his use of a cane. Therein, he details the findings of each treating and examining physician of record, specifically referencing doctors Glatstein's, Weiss's, and Mumtaz Ali's findings that Plaintiff had a normal gait. (AR 34-35.) Further, this was not one of the issues for which the matter was remanded. (AR 24-26.)

These findings constitute substantial evidence as they are

consistent with each other and are supported by evidence in the record such as Plaintiff's testimony that he used the cane "on and off" and Dr. Altman's opinion that Plaintiff was able to ambulate without the use of a cane and "purposefully" walked, "very sluggishly in the examination room." (AR 59, 565.) By incorporating this decision, the ALJ provided specific and legitimate reasons for adopting the opinion of examining physicians over that of the treating physician Dr. Ahmed.

The ALJ further justified his determination to give reduced weight to Dr. Ahmed's opinion by pointing to the lack of reasoning or objective medical evidence in the record to support his more pessimistic assessment of Plaintiff's limitations, including only being able to stand and walk for four hours a day, and being completely restricted from stooping and climbing ladders. (AR 17, 378.) Further, the ALJ notes that no evidence exists in the medical record to support Dr. Ahmed's limitation on Plaintiff to avoid all exposure to extreme temperatures, wetness, humidity, noise, fumes or hazards, nor is any rationale given for such a conclusion.

It was not error for the ALJ to fail to specifically discuss his rejection of the doctor's opinion that Plaintiff was limited in the number of days he could work per month. The ALJ rejected the exertional limitations assessed by Dr. Ahmed which could have conceivably supported this conclusion.

//
//
//
//
//
//

**IV**

**THE ALJ'S CONSIDERATION OF DR. STEIGER'S OPINION AS TO UPPER EXTREMITY LIMITATIONS WAS NOT ERRONEOUS**

**(Issue Two)**

**A.   The ALJ's Decision**

After consideration of the entire record, the ALJ concluded that Plaintiff's daily activities are not inconsistent with an ability to perform light work activity, and that Plaintiff has the RFC to lift and carry ten pounds frequently and twenty-five pounds occasionally, stand and/or walk for six hours and sit for six hours per eight hour day, and occasionally climb, balance, kneel, crouch, crawl, or stoop. (AR 13, 15.)  Further, the ALJ noted Plaintiff has neck and upper extremity pain, bilateral carpal tunnel syndrome, and lateral epicondylitis of the left elbow which limit pushing and pulling with the upper extremities.  The ALJ also concluded Plaintiff is limited to occasional handing with the left upper extremity. (Id.)

The ALJ acknowledged that although treating physician Dr. Steiger had placed Plaintiff on temporary total disability status in April 1998, by November 1998, the doctor had revised his opinion, limiting Plaintiff from heavy lifting, repeated bending and stooping, and from repetitive gripping, pushing, pulling or lifting with the upper left extremity.  (AR 16, 311, 330.)

**B.   Applicable Law.**

See discussion of Issue One.

//
//

13

1      **C.**   **Analysis**.

2     Plaintiff contends the ALJ erred in failing to adopt Dr. Steiger's finding that Plaintiff was precluded from *repetitive* gripping, pushing, pulling, or lifting with the left upper extremity. (JS 7, AR 311.) In fact, the ALJ limited Plaintiff to "occasional handling with the left upper extremity". (AR 13.)

    The Commissioner contends the ALJ gave legally sufficient consideration to Dr. Steiger's opinion by incorporating ALJ Chaffin's decision (AR 14); and further, Dr. Steiger suggested vocational rehabilitation over disability. (AR 310-311.) He also notes that the ALJ limited Plaintiff to occasional handling with the left upper extremity. (JS 9, AR 591-592.) Further, the ALJ reasonably gave more weight to the opinion of Dr. Mason, which limited Plaintiff with regard to pushing and pulling and to occasional handling with the left upper extremity (Id.) Finally, the Commissioner argues the ALJ reasonably discounted Plaintiff's credibility, and where evidence can lead to two rational interpretations, the Commissioner's rational interpretation must be upheld. (JS 10-12.)

    The ALJ found that Plaintiff's neck and upper extremity pain, bilateral carpal tunnel syndrome and lateral epicondylitis of the left elbow, "limit pushing and pulling with the upper extremities." (AR 13.) The ALJ also found Plaintiff is limited to occasional handling with the left upper extremity. Rather than a rejection of Dr. Steiger's opinion, the ALJ's RFC estimation encompasses Dr. Steiger's limitation against, "repetitive gripping, pushing, pulling or lifting with the left upper extremity." (AR 16.) An RFC allowing a claimant to perform occasional upper extremity handling is not in conflict with a limitation against repetitive exertion in the left upper extremity.

14

Consequently, there is no error in the ALJ's analysis.

## V

**THE ALJ INCORPORATED PLAINTIFF'S LIMITATIONS IN INTERROGATORIES TO THE VOCATIONAL EXPERT**

**(Issue Four)**

For the reasons discussed above, the ALJ properly rejected the opinion of Dr. Ahmed, giving specific and legitimate reasons for doing so. Further, the ALJ's failure to incorporate into his RFC assessment the specific language of Dr. Steiger's opinion was not erroneous. Therefore, the ALJ properly assessed Plaintiff's RFC and provided a complete hypothetical to the vocational expert, which, as the law requires, incorporated all of Plaintiff's determined exertional limitations.

**ORDER**

**IT IS ORDERED** that the decision of the Commissioner is affirmed, and Judgment will issue dismissing this matter with prejudice.

DATED: August 28, 2009                    /s/
                                          VICTOR B. KENTON
                                          UNITED STATES MAGISTRATE JUDGE